IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cora J Waller, | No. CV-22-00244-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| City of Nogales, et al., | |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure,

**IT IS ORDERED** that a **Telephonic Case Management Conference** is set for **Tuesday, August 09, 2022 at 2:20 p.m.** The parties shall call 888-363-4735 to participate in the hearing. The access code is 3793769. For further logistical inquiries, the parties may email the Courtroom Deputy, Armida Butler at: Armida_Butler@azd.uscourts.gov.

A. Rule 26(f) Meeting and Joint Case Management Report

The parties are directed to **meet and confer at least twenty-one (21) days before the Case Management Conference**. Fed. R. Civ. P. 26(f). At this meeting, the parties shall develop a Joint Case Management Report as detailed below. The parties shall file a **Joint Case Management Report** with the Court **no later than seven (7) days prior to the Case Management Conference**. It is the responsibility of the Plaintiff to initiate the Rule 26(f) meeting in preparation of the Joint

Case Management Report. Defendant shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in the preparation of the Joint Case Management Report.

**The parties' Joint Case Management Report shall contain the following information in separately numbered paragraphs:**

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;
2. A list of the parties in the case, including any parent corporations or entities;
3. A short statement of the nature of the case (3 pages or less);
4. The jurisdictional basis for the case, describing the basis for jurisdiction[1] and citing specific jurisdictional statutes;
5. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;
6. A statement of whether any party expects to add additional parties or to amend pleadings;
7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). The parties are further reminded that the use of fictitious parties (i.e. "John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assoc s. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

8. Whether the case is suitable for reference to a United States Magistrate Judge for settlement conference or trial;

9. The status of any related case pending before another court or another Arizona District Court judge;

10. A discussion of any issues relating to the preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form(s) in which it will be produced, *see* Fed. R. Civ. P. 16(b)(3); Fed. R. Civ. P. 26(f)(3);

11. A discussion of any issues relating to claims of privileges or work product;

12. A discussion of whether an order under Federal Rule of Evidence 502(d) (attorney-client privilege and work product) is warranted in this case;

13. A description of any issues pertaining to initial disclosures so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) Joint Report raises initial disclosure issues for the Court to resolve, copies of the parties' initial disclosures should be attached to the report, *see* Fed. R. Civ. P. 26(a)(1)(C);

14. A discussion of necessary discovery. This discussion should follow the December 1, 2015 amendments to Fed. R Civ. P. 26(b)(1) and should include:

    a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c. The number of hours permitted for each deposition. The parties should consider whether the total number of deposition hours should be set in the case (i.e. a total of 30 hours for each Plaintiff and 30 hours for Defendant). Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses according to the importance and complexity of the deposition-subject.

15. A statement of when each party served their initial discovery responses;
16. **Proposed dates for each of the following** (dates in parenthesis are typical deadlines from the date of the Case Management Conference):
    a. **Motions to amend the complaint** and **join additional parties** (three months);
    b. **Disclosure of lay** (four and a half months), **expert** (four months), and **rebuttal expert** (five months) **witnesses** under Fed. R. Civ. P. 26(a)(2);
    c. The completion of all **discovery**, which will also be the deadline for final supplementation of discovery responses (if the parties believe more than six months is required, the parties must explain why extended time is essential);
    d. Filing **dispositive motions** (seven months);
    e. Filing **settlement status reports** (three months and every ninety days thereafter);
    f. Filing **Joint Proposed Pretrial Order** (eight months or if dispositive motion is pending, thirty days after the Court rules on dispositive motion).
17. Whether a jury trial has been requested and whether the request for jury trial is contested (if contested, briefly set forth the reasons);
18. The prospects for settlement, including any request of the Court for assistance in settlement efforts (e.g. referral to Magistrate Judge for settlement conference); and
19. Any other matters that will aid the Court and the parties in a speedy, just, and inexpensive manner as required by Rule 1 of the Federal Rules of Civil Procedure.

B. Case Management Order

The Court directs counsel and any unrepresented parties to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference. Any party that is not represented by counsel shall appear and participate in the Case Management Conference and shall have authority to approve stipulations regarding all matters that may be discussed. A continuance of the Case Management Conference will be granted

only for good cause.

After the Case Management Conference, the Court will enter a Case Management Order. The deadlines set by the Court shall be strictly enforced. The parties should plan their litigation activities accordingly.

C. Other Matters

The parties are expected to fully comply with Federal Rule of Civil Procedure 26 and to minimize the expense of discovery. Furthermore, all filings must conform with Local Rules of Civil Procedure 7.1 and 7.2. Failure to do so may lead to sanctions. Fed. R. Civ. P. 16(f).

Dated this 23rd day of June, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge