1

**HUMPHREY & PETERSEN, P.C.**
6063 E. GRANT ROAD

2
TUCSON, ARIZONA  85712
TELEPHONE: 520-795-1900

3
                                                                                    8007-48
Andrew J. Petersen, State Bar No. 016699

4
APetersen@humphreyandpetersen.com
Attorney for Defendant City of Nogales and, Chief Roy Bermudez, Officer Nicholas

5
Acevedo, Gerardo Batriz, Guadalupe Villa, Robert Gallego, Jesus Gomez, Mario Lopez,
Jose Pimienta

6
                                    UNITED STATES DISTRICT COURT

7
                                          DISTRICT OF ARIZONA

8

9
Cora J. Waller, on her own behalf and as           NO. 4:22-CV-00244-RCC-PSOT
personal representative of the estate of Glen
Ray Cockrum, Jr.,

10
                        Plaintiff,                          **ANSWER OF NOGALES**

11
                                                           **DEFENDANTS**
   vs.

12
City of Nogales (Arizona); Santa Cruz

13
County (Arizona); Roy Bermudez, in his
individual and official capacities; Joseph

14
Bunting, in his individual capacity; Nicholas
Acevedo, in his individual capacity;

15
Guadalupe Villa, in his individual capacity;
Robert Gallego, in his individual capacity;           (The Hon. Raner C. Collins)

16
Mario Lopez, in his individual capacity;
Gerardo Batriz, in his individual capacity;

17
Jose Pimienta, in his individual capacity;
Jesus Gomez, in his individual capacity,

18
                        Defendants.

19
            Defendants Roy Bermudez, Nicholas Acevedo, Gerardo Batriz, Guadalupe Villa,

20
Robert Gallego, Jesus Gomez, Mario Lopez, Jose Pimienta ("Nogales Defendants")

21
                                                        1

by counsel answer Plaintiff's complaint.

## INTRODUCTION

1.     Plaintiff's decedent Glen Ray Cockrum, Jr. threatened the lives of citizens and law enforcement officers. This incident was independently reviewed by Arizona DPS and Cochise County; both found the use of lethal force was necessary and fully justified because Cockrum's rampage of violence presented an imminent risk of harm to officer and public safety. Cockrum committed multiple criminal violations in the course of his violent actions and fleeing from law enforcement. This paragraph does not contain allegations relevant to the facts of this case.  Therefore, its premise and any inference from it are wrong, and therefore, the allegations are denied.

2.      See above.  Admit only that lethal force was used against Glen Cockrum to stop his violent rampage on May 24, 2021.  On that date, Cockrum was sitting in his tractor-trailer in the parking lot of H&M Distributors, waiting to pick up a delivery. Francisco Castillo Contreras, a manager at H&M, asked Cockrum to move his truck because he was blocking loading bays 14-16. Cockrum refused and displayed a knife. When Santa Cruz County deputies arrived on scene Cockrum had moved his truck to a nearby business, Melania Produce.  Deputy Soto attempted to make contact with Cockrum through the driver's side window and asked him to exit the vehicle. Deputy Soto also motioned for him to turn off the engine. Cockrum did not comply and displayed two knives and brass knuckles. Cockrum licked the blade of the knife and then made a motion across his throat

as if to slit someone's throat. Cockrum then drove to Interstate 19 northbound toward the
United States Border Patrol checkpoint all the while attempting to evade law
enforcement. At the border patrol checkpoint, he turned around through the center
median and almost drove over Border Patrol Agent Holcomb and other law enforcement
standing outside an unmarked patrol vehicle with emergency lights activated. Cockrum
was ordered to stop after witnessing Cockrum almost collide with Agent Holcomb.
Cockrum did not comply with a law enforcement officer's order but continued on.

Cockrum continued to present an imminent danger and entered a nearby Walmart
parking lot where there was heavy civilian presence who fled from his oncoming truck
rig.  Cockrum smashed into two Nogales Police patrol vehicles (Unit 702) a Ford
Explorer and (Unit 583) a Ford Expedition by his continued efforts to evade law
enforcement. Cockrum then drove out of the northbound access road from Walmart.
Nogales Police Department officers attempted to disable the trailer brake by
disconnecting the trailer brake hose and fired multiple rounds at Cockrum to stop him yet
Cockrum continued to present an imminent danger, driving erratically and recklessly
towards officers and civilians. Cockrum was given verbal commands to stop by multiple
officers as they attempted to stop Cockrum.

In the course of fleeing from law enforcement, Cockrum sped through a 45 mile
per hour construction zone at 65 to 70 miles per hour, ran two red traffic signals, evaded
two stop stick deployments, drove through a police car roadblock on Exit 8, kept the

1    truck cab doors locked and pulled a black curtain closed in the cab to conceal himself.

2    Cockrum's actions posed a significant risk of imminent bodily harm to law enforcement

3    and the public.

4         Cockrum committed the following criminal violations: Aggravated assault (2

5    counts) against Deputy Soto and Border Patrol Agent Holcomb, pursuant to A.R.S. § 13-

6    1204A.8(a) when he displayed two knives and brass knuckles to Deputy Soto and drove

7    toward Border Patrol Agent Holcomb; endangerment (2 counts) pursuant to A.R.S. § 13-

8    1201A when he almost collided with Agent Holcomb and detective Ainza; unlawful

9    flight in violation of A.R.S. § 28-622.01; Criminal damage in violation of A.R.S.  §13-

10   1602A1 when he smashed into law enforcement vehicles. Cockrum, who was driving a

11   truck tractor, a dangerous instrument, threatened deadly physical force against law

12   enforcement and civilians by driving recklessly and ignoring law enforcement

13   commands.  Thus, the Complaint wrongly characterizes Cockrum's rampage of violence

14   as a "slow-speed" chase, a "misdemeanor trespass" or a "fender bender."

15   3.    Admit only that officers used reasonable force after Cockrum did not heed their

16   commands to stop his tractor-trailer. Force was necessary and justified to stop the deadly

17   threat he created.  Cockrum, whose tractor-trailer constituted a dangerous instrumentality,

18   recklessly endangered officers and the public.

19   4.    Nogales Defendants are without sufficient information to respond to this allegation

20   other than to agree that civilians fled so as to avoid Cockrum.

21

4

5.      Deny. See #2 above.

6.      Deny. See #2 above.

## JURISDICTION AND VENUE

7.      Admit that jurisdiction is proper in federal court.

8.      Admit.

9.      Admit upon information and belief.

10.     Admit.

## PARTIES

### Plaintiff

11.     Nogales Defendants are without sufficient information as to where Plaintiff is currently living.  Plaintiff alleges she was appointed a personal representative of the Estate in Florida.  Nogales Defendants requests the joinder of any statutory beneficiary to this cause of action.

12.     Nogales Defendants are without sufficient information to respond to this allegation.

13.     Admit.

14.     Nogales Defendants have no knowledge of where Cockrum was residing at the time of his death.

15.     Nogales Defendants are without sufficient information to respond to this allegation.

16.     Nogales Defendants are without sufficient information to respond to this paragraph.

17.     Nogales Defendants are without sufficient information to respond to this allegation.

**<u>Nogales Police Department Defendants</u>**

18.     Admit.

19.     Admit.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Admit.

24.     Admit.

25.     Admit.

26.     Admit.

27.     Admit.

28.     Admit.

29.     Admit.

30.     Admit.

31.     Admit.

32.     Admit.

33.     Admit.

34.     Admit.

35.     Admit.

**Santa Cruz County Defendants**

36.     Nogales Defendants are without sufficient information to respond to this allegation.

37.     Nogales Defendants are without sufficient information to respond to this allegation.

38.     Nogales Defendants are without sufficient information to respond to this allegation.

**FACTUAL ALLEGATIONS**

39.     Deny.

40.     This paragraph does not contain allegations directly relevant to the facts of this case. To the extent that this paragraph contains allegations against the Nogales Defendants pertaining to the facts of this case they are denied.

41.     This paragraph does not contain allegations directly relevant to the facts of this case. To the extent that this paragraph contains allegations against the Nogales Defendants pertaining to the facts of this case they are denied.

42.     This paragraph does not contain allegations directly relevant to the facts of this case. To the extent that this paragraph contains allegations against the Nogales Defendants

1    pertaining to the facts of this case they are denied.

2    43.    Deny.

3    **Cockrum is Working as a Long-Haul Truck Driver**

4    44.    This paragraph does not contain allegations directly relevant to the facts of this case.

5    To the extent that this paragraph contains allegations against the Nogales Defendants

6    pertaining to the facts of this case they are denied.

7    45.    Nogales Defendants are without sufficient information to respond to this

8    allegation.

9    46.    Nogales Defendants are without sufficient information to respond to this

10   allegation.

11   47.    Nogales Defendants are without sufficient information to respond to this

12   allegation.

13   48.    Nogales Defendants are without sufficient information to respond to this

14   allegation.

15   49.    Admit upon information and belief.

16   50.    Nogales Defendants are without sufficient information to respond to this

17   allegation.

18   51.    Nogales Defendants are without sufficient information to respond to this

19   allegation.

20   52.    Admit upon information and belief.

21

8

53.     Admit upon information and belief.

54.     Nogales Defendants are without sufficient information to respond to this allegation.

55.     Admit upon information and belief.

56.     Admit upon information and belief.

**Law Enforcement Officers First Engage with Cockrum**

57.     Admit upon information and belief.

58.     Nogales Defendants are without sufficient information to respond to this allegation.

59.     Plaintiff omits that Deputy A. Soto, upon information and belief, gave verbal commands to Cockrum. Specifically, upon information and belief, Deputy Soto approached the driver's side window of Cockrum's vehicle and asked him to exit the vehicle so the two could talk, and he also motioned for Cockrum to turn off the ignition. Cockrum did not comply and then displayed a knife and brass knuckles, licked the knife blade, and then gestured as if slitting someone's throat.

60.     Admit upon information and belief.

61.     Deny.

62.     Deny. By displaying a knife and brass knuckles to Deputy Soto, licking the knife blade and gesturing as if to slit someone's throat, Cockrum committed Aggravated Assault in violation of ARS 13-1204A.8(a) by placing Deputy Soto in a reasonable

apprehension of imminent physical injury.

63.    Deny. Plaintiff misstates the criminal violations Cockrum had committed.  At that relevant point in time, Cockrum had committed Aggravated Assault in addition to misdemeanor trespassing. From the initial encounter with Deputy Soto, Cockrum threatened deadly force. See #62 above.

64.    Nogales Defendants are without sufficient information to respond to this allegation.

65.    Nogales Defendants are without sufficient information to respond to this allegation.

66.    Nogales Defendants are without sufficient information to respond to this allegation.

67.    Nogales Defendants are without sufficient information to respond to this allegation.

68.    Admit upon information and belief.

69.    Nogales Defendants are without sufficient information to respond to this allegation.

70.    Nogales Defendants are without sufficient information to respond to this allegation.

71.    Nogales Defendants are without sufficient information to respond to this allegation.

72.    Nogales Defendants are without sufficient information to respond to this allegation.

73.    Nogales Defendants are without sufficient information to respond to this allegation.

74.    Nogales Defendants are  without sufficient information to respond to this allegation.

75.    Nogales Defendants are  without sufficient information to respond to this allegation.

76.    Nogales Defendants are  without sufficient information to respond to this allegation.

77.    Nogales Defendants are without sufficient information to respond to this allegation.

78.    Admit upon information and belief.

79.    Admit upon information and belief.

80.    Plaintiff misstates the gravity of Cockrum's actions. Cockrum nearly struck Border patrol Agent Holcomb as he drove toward her.

81.    Admit upon information and belief.

82.    Admit upon information and belief.

83.    Admit upon information and belief.

84.    Admit upon information and belief.

11

85.    Deny.

86.    Admit only that upon his initial involvement, Chief Bermudez did not have a full understanding of the circumstances of the chase but became aware of the situation as the incident continued.

87.    Admit only that upon his initial involvement, Officer Lopez did not have a full understanding of the circumstances of the chase but became aware of the situation as the incident continued.

88.    Admit only that Officer Acevedo learned of the chase from a Sheriff's deputy and learned more as the incident continued.

89.    Admit upon information and belief.

90.    Admit only that Cockrum exited I-19 at Exit 8 and police vehicles were placed there to block his exit.

91.     Admit only that Cockrum ran two stop lights traveling south on Grand Avenue.

92.    Admit only that Chief Bermudez raised his hands to Cockrum and Cockrum flipped Chief Bermudez off.

93.    Admit upon information and belief.

**Officers Shoot at Cockrum at least 18 times in the Walmart Parking Lot**

94.    Admit upon information and belief.

95.    Admit upon information and belief.

96.    Admit upon information and belief.

12

1    97.    Admit upon information and belief.

2    98.    Deny.

3    99.    Admit only that Officer Yanez approached the trailer and cut one of the brake

4    lines in an effort to lock up the Cockrum's rear tires and neutralize the imminent threat

5    Cockrum posed to officer and public safety.

6    100.    Admit only that a police officer approached Cockrum's trailer to place spike strips

7    in front of the tires in an effort to neutralize the imminent threat Cockrum posed to officer

8    and public safety.

9    101.    Admit only that that Officer Pimienta and Detective Bunting attempted to break

10    one of the truck windows and deploy a non-lethal flash bang grenade inside the truck cab

11    in an effort to neutralize the imminent threat Cockrum posed to officer and public safety.

12    102.    Admit upon information and belief.

13    103.    Admit only that Nogales Police officers engaged the truck in an effort to neutralize

14    the imminent threat Cockrum posed to officer and public safety.

15    104.    Deny.

16    105.    Admit upon information and belief. In that moment it was possible that Cockrum

17    had fired a weapon at law enforcement.

18    106.    Admit upon information and belief. In that moment it was possible that Cockrum

19    had fired a weapon at law enforcement.

20    107.    Admit upon information and belief. In that moment it was possible that Cockrum

21

1   had fired a weapon at law enforcement.

2   108.    Admit upon information and belief. In that moment it was possible that Cockrum

3   had fired a weapon at law enforcement.

4   109.    Admit upon information and belief.

5   110.    Deny. Chief Bermudez knew it was possible Cockrum was firing a weapon at law

6   enforcement and retrieved his vest from the back of his car.

7   111.    Admit upon information and belief.

8   112.    Admit upon information and belief.

9   113.    Admit upon information and belief.

10   114.    Admit upon information and belief.

11   115.    Admit upon information and belief.

12   116.    Admit upon information and belief.

13   117.    Admit upon information and belief.

14   118.    Admit upon information and belief.

15   119.    Admit upon information and belief.

16   120.    Admit upon information and belief.

17   121.    Admit only that Cockrum crashed into two police vehicles as he attempted to

18   evade law enforcement in violation of A.R.S. § 13-1602A1; criminal damage.

19   122.    Admit only that the vehicles sustained damage when Cockrum smashed into them

20   and again, Cockrum violated A.R.S. § 13-1602A1.

21

123.    Deny. Cockrum posed an immediate threat to officer and public safety. Force was immediately necessary and justified to affect the arrest and detention of Cockrum. ARS 13-409.

124.    Deny. See #123 above.

125.    Deny. See #123 above.

126.    Deny. See #123 above.

### Cockrum is fatally shot

127.    Admit upon information and belief.

128     Deny. Again, the Complaint misstates the extent of Cockrum' s criminal violations and mischaracterizes the imminency of the threat he posed to officer and public safety. Again, Cockrum committed the following criminal violations: Aggravated assault (2 counts) against Deputy Soto and Border Patrol Agent Holcomb, pursuant to A.R.S. §13-1204A.8(a) when he displayed two knives and brass knuckles to Deputy Soto and drove toward Border Patrol Agent Holcomb; endangerment (2 counts) pursuant to A.R.S. § 13-1201A when he almost struck Agent Holcomb and Detective Ainza; unlawful flight in violation of ARS § 28-622.01; Criminal damage in violation of A.R.S. § 13-1602A1 when he smashed into law enforcement vehicles. Cockrum was driving a truck tractor—a dangerous instrumentality—and threatened deadly physical force against law enforcement and civilians by driving recklessly and ignoring law enforcement commands. Lethal force was necessary and fully justified.

129.    Admit only that Chief Bermudez's goal was to neutralize an imminent threat to officer and public safety.

130.    Nogales Defendants are is without sufficient information to respond to this allegation.

131.    Admit only that Officer Gallego's goal was to stop an imminent threat to officer and public safety.

132.    Nogales Defendants are without sufficient information to respond to this allegation.

133.    Nogales Defendants are without sufficient information to respond to this allegation.

134.    Nogales Defendants are without sufficient information to respond to this allegation.

135.    Nogales Defendants are without sufficient information to respond to this allegation.

136.    Nogales Defendants are without sufficient information to respond to this allegation.

137.    Nogales Defendants are without sufficient information to respond to this allegation.

138.    Nogales Defendants are without sufficient information to respond to this allegation.

139.    Nogales Defendants are without sufficient information to respond to this allegation.

140.    Admit only that Nogales Police officers engaged in the use of justified lethal force.

141.    Admit upon information and belief.

142.    Admit upon information and belief.

143.    Admit upon information and belief.

144.    Admit upon information and belief.

145.    Admit upon information and belief.

146.    Admit upon information and belief.

147.    Admit upon information and belief.

**COUNT I**

**42 U.S.C. § 1983 -Fourth Amendment**
**Unreasonable Seizure (Excessive Force)**
**Against Defendants, Acevedo, Gallego, Batriz, Gomez, Villa, Lopez, Pimienta, Bunting,**
**and Bermudez in his individual capacity**

148.    Nogales Defendants incorporates their responses above.

149 – 155. Deny. Cockrum, through his reckless conduct, was likely to endanger human life or inflict serious bodily injury to another and/or upon law enforcement officials unless apprehended without delay. Lethal force was necessary and justified to effect the detention and arrest of Cockrum. *See e.g.*, *Plumhoff v. Rickard*, 134 S. Ct. 2012 (2014) (police officers did not violate the Fourth Amendment when they shot and killed driver of

1    a fleeing vehicle to end a dangerous car chase); *Mullenix v. Luna*, 577 U.S. 7 (2015)

2    ("The Court has thus never found the use of deadly force in connection with a dangerous

3    car chase to violate the Fourth Amendment); *Scott v. Harris*, 550 U.S. 372 (2007) ("A

4    police officer's attempt to terminate a dangerous high-speed car chase that threatens the

5    lives of innocent bystanders does not violate the Fourth Amendment).

**COUNT II 42 U.S.C. § 1983 -** *Monell*
**Unconstitutional Policy/Custom in Violation of the Fourth & Fourteenth**
**Amendment**
**Against** Nogales Defendants **and Roy Bermudez in his official capacity**

156.    Nogales Defendants incorporates their responses above.

157.    Deny.

158.    Deny.

159.    Deny.

160.    Deny.

161.    Deny.

162.    Deny.

163.    Deny.

164.    Deny.

**COUNT III**
**42 U.S.C. § 1983 -Fourth Amendment**
**Failure to Intervene/Intercede**
**Against all Individual Defendants**

165.    Nogales Defendants incorporates their responses above.

18

166.    Deny as to Nogales Defendants.

167.    Deny as to Nogales Defendants.

168.    Deny as to Nogales Defendants.

169.    Ninth Circuit precedent notwithstanding, Nogales Defendants assert they met the applicable standard of care and deny all allegations they breached any duty to intercede.

170.    Deny.

**COUNT IV**
**42 U.S.C. § 1983 -Fourteenth Amendment Due Process Clause**
**Substantive Due Process: Liberty Interest in Familial Association**
**Against all Individual Police Defendants.**

171.    Nogales Defendants incorporates their responses above.

172. – 178. Deny.

**COUNT V**
**A.R.S. § § 12-611**
**State-Law Battery and Negligence Causing Wrongful Death**
**Against All Defendants**

179.    Nogales Defendants incorporates their responses above.

180.    Admit

181.    Deny only that this paragraph correctly states Arizona law.

182.    Deny.

183.    Deny

184.    Deny.

185    (a) – (c) Deny.

186.    Deny.

## <u>GENERAL DENIAL</u>

Any allegation of Plaintiff's Complaint to which there is no response is deemed denied.

## <u>AFFIRMATIVE DEFENSES</u>

As affirmative defenses applicable to all Counts, these Defendants allege:

1.    Failure to state a claim upon which relief may be granted;

2.    Immunity;

3.    Qualified Immunity;

4.    Contributory negligence/comparative fault by Plaintiff;

5.    Privilege;

6.    A.R.S. §12-711 and §12-712;

7.    Justification and reasonable use of force under state and federal law, A.R.S. §13-402, §13-404, §13-405, §13-406, §13-410, §13-411 and §13-413; *Graham v. Connor*, 490 U.S. 386 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985).

8.    Probable cause;

9.    Failure to plead with specificity certain of Plaintiffs' allegations;

10.    Lack of standing;

11.     Failure to join indispensable parties;

12.     Any award of punitive damages against these Defendants would be a violation of Defendants' Federal and State Constitutional rights including the due process clause of the Fourteenth Amendment;

13.     Insufficient or inadequate Notice of Claim and failure to serve on each individual defendant.

## DEMAND FOR JURY TRIAL

A jury trial is demanded.

WHEREFORE, Defendant Nogales Defendants request that Plaintiff take nothing by the Complaint; they request judgment in their favor to include attorney's fees under 42 U.S.C. § 1988 and A.R.S. §12-349 §13-420 and taxable costs.

DATED this 10th day of August, 2022.

HUMPHREY & PETERSEN, P.C.

*/s/ Andrew Petersen*
Andrew J. Petersen
Attorney for Defendant

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on 10th August, 2022, I electronically transmitted the attached

3

document to the Clerk's office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Paul Gattone
Law Office of Paul Gattone
301 S. Convent

7

Tucson, AZ 85701
*Attorney for Plaintiff Cora Waller*

8

gattonecivilrightslaw@gmail.com

9

Kathleen L. Wieneke
Laura Van Buren

10

Brendan F. Porter
Wieneke Law Group, PLC

11

1225 West Washington St. Suite 313
Tempe AZ 85288

12

*Attorney for Defendant Santa Cruz County*
kwieneke@wienekelawgroup.com

13

lvanburen@wienekelawgroup.com
bporter@wienekelawgroup.com

14

15

*/s/ Andrew Petersen*

16

H:\MHFILES\8007-48\AnswerNogalesDefendants.docx

17

18

19

20

21

22