**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cora J. Waller, et al., | No. 4:22-CV-00244-RCC |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Nogales, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Cora Waller's Motion for Leave to File a First Amended Complaint. (Doc. 30.) This matter has been fully briefed. (Docs. 30-1, 34, 36, 37-1, 39.) For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiff Cora J. Waller is the biological mother of the deceased, Glen Ray Cockrum, Jr., and is Cockrum's estate's lawfully designated personal representative. (Doc. 30-1 at 4.) Plaintiff's initial complaint identifies Defendant City of Nogales and several Nogales police officers. (*Id.* at 5–6.) Plaintiff also names Defendant Santa Cruz County and Joseph Bunting, a deputy with the Santa Cruz County Sheriff's Office. (*Id.* at 9.) The initial complaint details Cockrum's behavior during his contact with various law enforcement entities, including the City of Nogales and Santa Cruz County. (*Id.* at 11–25.)

Plaintiff's initial complaint contains five counts. Plaintiff proposes amendments to

Counts III–V. Count III claims that all individual defendants failed to intercede or intervene. (*Id.* at 28.) Count IV claims a Fourteenth Amendment Due Process violation of the liberty interest of familial association against all individual defendants. (*Id.* at 29.) Finally, Count V claims state-law battery and negligence against all defendants. (*Id.* at 30.)

Plaintiff filed the instant Motion to Amend/Correct the Complaint on November 9, 2022. (Doc. 30.) Plaintiff stated that the purpose of the motion was to add additional parties to Count III, correct two errors, and add one count for violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act. (*Id.* at 1–2.)

Plaintiff adds to the factual background that "communications personnel employed by the Sheriff's Office . . . conveyed in both phone calls and radio communications that the driver of the truck presented with signs of mental illness. This assessment was repeated later in the afternoon, before Cockrum arrived into the City of Nogales." (*Id.* at 15 ¶ 100.)

Plaintiff specifies that Count III includes only "Nogales" Defendants "named in their individual capacity."[1] (*Id.* at 28.) These Defendants, Plaintiff asserts, "each had an independent constitutional duty to intervene to the extent they could anticipate that one or more of their colleagues were preparing to use unlawful force." (*Id.* at 29 ¶ 192.) Plaintiff amends Count IV to name Defendants Bermudez,[2] Bunting, Acevedo, Villa, Gallego, Lopez, Batriz, Pimienta, and Gomez—all in their individual capacity. (*Id.* at 29.) Plaintiff amends Count V, specifically naming Defendants "City of Nogales, Hathaway, Bermudez, Bunting, Acevedo, Villa, Gallego, Lopez, Batriz, Pimienta, and Gomez." (*Id.* at 30.) Plaintiff also amends Count V, substituting Sheriff Hathaway for Santa Cruz County. (*Id.*

---

[1] The proposed amendment names the following Nogales officers in their individual capacity (newly added defendants in bold): Nicholas Acevedo, Robert Gallego, Gerardo Batriz, Jose Pimienta, Jesus Gomez, Roy Bermudez, Guadalupe Villa, Mario Lopez, **Victor Yanez**, **Veronica Hernandez**, **Jose Bermudez**, **Xavier Gomez**, **Rene Lechuga**, **Bernardo Villela**, **Oscar Mesta**, and **David Lopez**.
[2] At times Plaintiff uses only last names and it is unclear if the additional facts relate to Jose Bermudez or Roy Bermudez, as well as Jesus Gomez or Xavier Gomez. The complaint must clarify which allegations relate to which defendant, and the Court presumes allegations against Bermudez and Gomez relate to the original defendants Jesus Gomez and Roy Bermudez, and will not speculate further. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

at 31 ¶ 210.) Finally, Plaintiff proposes an additional Count VI, alleging discrimination based on disability against the City of Nogales. (*Id.* at 32–36.)

## DISCUSSION

Santa Cruz does not oppose substituting Defendant Santa Cruz County with Sheriff David Hathaway or Plaintiff's amendment clarifying that Count III is brought against the Nogales officers only. (Doc. 36 at 1.) Nogales does not oppose Plaintiff's amendment removing Santa Cruz County as a Defendant for the state law negligence claims. (Doc. 34 at 1–2.) Neither Santa Cruz nor Nogales opposes Plaintiff's amendment removing punitive damages per A.R.S. § 12-820.04. (Docs. 34 at 1–2, 36 at 1–2.) Therefore, the unopposed amendments will be permitted.

Santa Cruz and Nogales oppose several amendments and assert separate arguments in support. Santa Cruz County asserts that the amendment to the wrongful death claim adds a new theory of gross negligence which is barred by Arizona's notice of claim statute. (Doc. 36 at 2.) The City of Nogales argues that the Court should deny the amendments adding Count VI and naming additional individual Nogales officers because the amendment is futile. (Doc. 34 at 2.) Each of the Defendant's arguments will be addressed individually.

### I.   Count V: Amendment Under Arizona's Notice of Claim Statute

Santa Cruz County opposes the proposed amendment adding a gross negligence claim against Sheriff Hathaway to Count V. Santa Cruz argues that Plaintiff's amendment adds a new theory that Sheriff Hathaway's failure to communicate to Detective Bunting that Cockrum presented signs of mental illness resulted in gross negligence. (Doc. 36 at 2.)

Santa Cruz is a public entity. A person who has a claim against a public entity "shall file claims . . . within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). The claim must contain sufficient facts to permit the public entity to understand the basis for the alleged liability. *Id.* "Any claim that is not filed within one hundred and eighty days after the cause of action accrued is barred and no action may be maintained thereon." *Id.*

Santa Cruz contends that "'if the facts upon which liability is claimed do not appear in a notice filed within 180 days after the claim accrued, the notice is invalid and the claim

is barred.'" (Doc. 36 at 3–4 (quoting *Haab v. Cnty. of Maricopa*, 219 Ariz. 9, 13 (App. 2008)).) Santa Cruz continues, "when a defect concerns a matter known to the claimant, an amendment to the notice of claim must also be made within the 180-day accrual period." (*Id.* at 4 (citing *Turner v. City of Flagstaff*, 247 P.3d 1011, 1013 ¶ 7 (Ariz. App. 2011)).) Santa Cruz concludes that the proposed amendment introduces new facts known to the Plaintiff that were not included in the initial complaint. (*Id.* at 4.) Therefore, the amendments should be barred because they are beyond the 180-day limitation required by the notice of claim statute. (*Id.*)

"A plaintiff does not need to disclose every possible fact supporting his offer, . . . trial level proof of damages or a disclosure statement sufficient to satisfy Rule 26.1, Arizona Rules of Civil Procedure." *Yollin v. City of Glendale*, 191 P.3d 1040, 1048–49 (Ariz. App. 2008) (internal quotation marks omitted). A claimant must simply provide "the factual foundation that the claimant regards as adequate to permit the public entity to evaluate the specific amount claimed. This standard does not require a claimant to provide an exhaustive list of facts; as long as a claimant provides *facts to support the amount claimed*, [s]he has complied with the supporting-facts requirement of the statute, and courts should not scrutinize the claimant's description of facts to determine the 'sufficiency' of the factual disclosure." *Backus v. State*, 203 P.3d 499, 504–05 (Ariz. 2009) (emphasis added).

Here, Plaintiff's Motion to Amend adds a theory of gross negligence to Count V. (Doc. 30-1 at 32 ¶ 211.) A party is grossly negligent "if he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to other but also involves a high probability that substantial harm will result." *Walls v. Ariz. Dept. of Pub. Safety*, 826 P.2d 1217, 1221 (Ariz. App. 1991) (citing *Nichols v. Baker*, 416 P.2d 584, 586 (Ariz. 1996)).

Plaintiff's notice of claim included the following facts: (1) Cockrum was pursued by multiple officers from the Santa Cruz County Sheriff's Office ("SCSO"); (2) at least eight Nogales police officers and two SCSO deputies opened fire on Cockrum while he was inside his vehicle; (3) Cockrum was shot multiple times resulting in his death; and (4)

SCSO officers escalated the situation to "create" a situation where officers could argue the use of deadly force was justifiable. (Doc. 37-1 at 1–2.) From the facts included in the notice of claim, it is reasonable to conclude that Santa Cruz County was properly notified of its potential liability for gross negligence and could evaluate the proposed settlement amount accordingly. Thus, amendment is not precluded.

### II.    Count V: Amendment Under Fed. R. Civ. P. 15(c)

Aside from compliance with Arizona's notice of claim statute, the Court also finds amendment is appropriate under the Federal Rules of Civil Procedure and applicable case law. Federal Rule of Civil Procedure 15(c) governs "when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). A proposed amendment to a claim may be granted if the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) aims to determine "whether the facts alleged in the original pleading put the defendant on fair notice of the transaction, occurrence, or conduct called into question by the amended pleading." *Nguyen v. Am. Fam. Mut. Ins. Co.*, 2014 WL 4448410, at *17 (D. Ariz. 2014) (first citing *Mckee v. Peoria Unified Sch. Dist.*, 963 F.Supp.2d 911, 923 (D. Ariz. 2013), then citing *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1260 n.29 (9th Cir. 1982)).

It is reasonable to conclude that the gross negligence theory in Count V arose from the same conduct, transaction, or occurrence as the wrongful death claim Plaintiff raised in the initial complaint. Both the initial complaint and the amendment relate to the incidents surrounding Cockrum's death. Plaintiff's initial complaint alleged Defendants negligently failed to properly communicate to "employees in the Santa Cruz County Sheriff's Office and employees of the Nogales Police Department . . . during the approximately two hours leading up to the shooting death" and failed to train and supervise employees to properly respond and de-escalate during "lengthy law enforcement chases." (Doc. 1 at 28, ¶ 28.) Likewise, Plaintiff's amended complaint identifies Defendant Hathaway as "the county

official responsible for ensuring safe and effective radio communications between POST-certified officers employed within the Santa Cruz County Sheriff's Office and POST-certified officers working for other state and local law enforcement agencies." (Doc. 30-1 at 8–9 ¶ 58.) The amended complaint alleges that Hathaway "failed to establish proper communication during the two hours before Cockrum's death, [and] failed to properly train and supervise employees" (Doc. 30-1 at 32, ¶ 210.) Therefore, the additional information in the amended complaint relates back to the less-detailed facts in the initial complaint.

The facts in the initial complaint put the Defendants on notice of the conduct called into question in the amended Count V. It is reasonable to conclude that Sheriff Hathaway's purported inaction contributed to Cockrum's wrongful death, resulting in gross negligence. According to the allegations, Sheriff Hathaway had enough time to realize that his conduct was creating an unreasonable risk of bodily harm to Cockrum, which involved a high probability that substantial harm would result. The Court will allow the amendment of Count V.

**III.   Count VI: ADA and Rehabilitation Act**

Defendant City of Nogales argues that Plaintiff should not be granted leave to add the Title II–ADA and the Rehabilitation Act claims in Count VI. (Doc. 34 at 2.) Nogales asserts Plaintiff's claim of mental illness is not specific enough to meet pleading standards. (*Id.* at 3.) However, the Plaintiff's ADA/RA claims are supported by facts in the amended complaint, including the assertion that various law enforcement groups acknowledged that Cockrum was experiencing a mental episode. (*See* Doc. 30-1 at 15, ¶ 100.)

Plaintiff asserts that the addition of the ADA/RA claims is appropriate because "Cockrum had mental impairments that substantially limited his major life activities . . . including, upon information and belief, undiagnosed schizophrenia and/or post-traumatic stress disorder." (Doc. 30-1 at 33, ¶ 220.) Additionally, Plaintiff supports the amendment by including facts that the Sheriff's Office and the Arizona Department of Public Safety communicated that Cockrum "presented with signs of mental illness." (*Id.* at 15, ¶ 100.) Therefore, Plaintiff argues that "Cockrum was regarded as having such impairment because

personnel of the City of Nogales subjected him to discrimination because of a mental impairment that they perceived in the moment." (*Id.* at 33, ¶ 221.) Moreover, Plaintiff asserts Nogales officers discriminated against Cockrum by "not request[ing] assistance from specially-trained mental health professionals" or from "hostage negotiators or similarly-trained law enforcement personnel," and did not "utilize loud-speaker capabilities to establish a clear line of communication." (*Id.* at 35, ¶¶ 232–234.) Plaintiff believes these failures, as well as surrounding Cockrum in the parking lot and firing upon him, were discriminatory acts. (*Id.* at 36, ¶¶ 235–36.)

Nogales contends that Plaintiff has not asserted sufficient facts to support amending the original complaint to include an ADA/RA claim. Nogales states that the facts regarding Cockrum's schizophrenia and post-traumatic stress disorder are "conclusory allegation[s] assert[ing] undiagnosed conditions." (Doc. 34 at 3.) Nogales asserts that the facts included in the amended complaint do not meet the specificity required to state a claim as they do not state what major life activities were limited by Cockrum's alleged mental conditions. (*Id.*) Additionally, Nogales argues that "a disabled individual must show that the public entity in question had knowledge that the individual was disabled, either because that disability is obvious or because the individual (or someone else) has informed the entity of the disability." (*Id.* at 4 (citing *Lawman v. City & Cnty. of San Francisco*, 159 F. Supp. 3d 1130, 1149 (N.D. Cal. 2016) (quotation marks omitted).)

The Ninth Circuit recognizes ADA claims based on "reasonable accommodation, where police fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." *Bresaz v. Cnty. of Santa Clara*, 136 F.Supp.3d 1125, 1132 (N.D. Cal. 2015) (citation and quotation marks omitted). The ADA specifically defines "disability" as meaning "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1). "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an

actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* at § (3)(A).

Here, if the basis of Cockrum's disability is based solely on the officers at the scene regarding him as having a mental episode, then the ADA claim cannot proceed as a matter of law. *See* 42 U.S.C. § 12201(h) ("[A] public entity . . . need not provide a reasonable accommodation or a reasonable modification to policies, practices, or procedures to an individual who meets the definition of disability in section 12102(1) of this title *solely* [on the basis of being regarded as having such an impairment].") (emphasis added). Therefore, Plaintiff's claim that Nogales discriminated against Cockrum due to his mental disabilities because the officers were informed over the radio that Cockrum was suffering from a mental episode would not, on its own, be sufficient to support an ADA claim.

However, Plaintiff's proposed amendment includes information that Cockrum was not only regarded by law enforcement officers as having a mental episode, but he also had a history of schizophrenia or post-traumatic stress disorder. Nogales's argument that Plaintiff's amendment is conclusory is unpersuasive. Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint is not required to contain "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, Rule 8(a)(2) requires that the complaint contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 556 U.S. at 678.

Plaintiff's initial complaint detailed Cockrum's behavior during his interactions with both civilians and law enforcement officers. First, when approached by an employee of the Rio Rico warehouse and asked to move from in front of the loading bays, Cockrum displayed a knife but was otherwise silent and did not move the truck. (Doc. 30-1 at 12.)

When a Sheriff's deputy with the Santa Cruz County Sheriff's Department approached Cockrum's cab, Cockrum displayed the knife again and made a gesture "as if slitting his own throat." (*Id.* at 13.) At this point, Plaintiff claimed that the officers involved "fail[ed] to recognize that Cockrum's behavior was consistent with a mental health crisis." (*Id.*) Plaintiff included a detailed description of Cockrum's "slow speed" chase with law enforcement in which he reached a maximum speed of sixty-nine miles per hour, intentionally avoided parked law enforcement vehicles and officers, and at one point came to a complete stop at a red light. (*Id.* at 13–18.)

Based on Cockrum's behavior detailed in Plaintiff's initial complaint it would be reasonable to conclude that Plaintiff's proposed amendment claiming discrimination on the basis of mental disability arose out of the same occurrence or conduct set out in the initial complaint. Additionally, the new facts asserted in Count VI may support the assertion that Cockrum had a history of a mental disorder. *See Ashcroft*, 556 U.S. at 678. Allowing Plaintiff to amend the complaint may or may not result in the production of evidence supporting Plaintiff's allegations that mental illness substantially limited Cockrum's life activities or were sufficiently documented to support the ADA/RA claims. However, this is not to be determined at the pleading stage. Therefore, the addition of Count VI claiming Nogales discriminated against Cockrum based on Cockrum's mental disability would be in the interest of justice and is not futile and Plaintiff will be permitted to amend the complaint to add Count VI.

## IV.  Count III: Individual Defendants

Finally, Plaintiff attempts to include eight additional officers[3] with the Nogales Police Department who "were not supervisors but each had an independent constitutional duty to intervene to the extent they could anticipate that one or more of their colleagues were preparing to use unlawful force." (Doc. 31-1 at 29 ¶ 192.) Nogales opposes the addition of the individual defendants, arguing that adding the individual officers on a failure to intercede theory would be futile. (Doc. 34 at 2, 6.) However, whether the addition

---

[3] The eight officers include: Victor Yanez, Veronica Hernandez, Jose Bermudez, Xavier Gomez, Rene Luchuga, Bernardo Villela, Oscar Mesta, and David Lopez.

of the parties is time-barred precedes Nogales's futility argument.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff filed the original complaint on May 23, 2022. Service was executed on Nogales on June 14, 2022. Plaintiff filed their motion for leave to amend their first complaint on November 9, 2022.

Since the initial complaint was filed, 191 days had elapsed before Plaintiff requested leave to amend the complaint. None of the additional defendants were served within the period provided by Federal Rule 4(m). Plaintiff does not assert any arguments or excuses as to why the additional officers were not served within the period required by either Federal Rule 4(m) or the Order of this Court. Therefore, Plaintiff's proposed amendment adding additional officers to Count V is untimely and dismissal is appropriate. However, the Court will evaluate amendment under Federal Rule 15(c)(1)(C) to determine whether dismissal should be with or without prejudice.

Amendments changing the party or the naming of the party against whom a claim is asserted relates back according to Rule 15(c)(1)(C) if the following conditions are met:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it.

*Schiavone v. Fortune*, 477 U.S. 21, 29 (1986).

The amended complaint alleges that Lieutenant Veronica Hernandez is liable in her individual capacity under Count III because she was a "supervisory employee[] who failed to interject on the radio after the first shots were fired." (Doc. 30-1 at 28, ¶ 191.) No factual allegations are alleged as to Victor Yanez, Xavier Gomez, Rene Luchuga, Bernardo Villela, Oscar Mesta, or David Lopez. Plaintiff only alleges, "[t]he remaining Defendants named in [Count V] were not supervisors but each had an independent constitutional duty to intervene to the extent they could anticipate that one or more of their colleagues were

preparing to use unlawful force. (*Id.* at 29, ¶ 192.) Plaintiff claims they "were each on scene at the Walmart, were in close proximity to their work colleagues, and were equipped with radios to communicate with one another prior to the fatal shooting." (*Id.*)

The additional officers were not directly involved in the shooting but were present at the Walmart parking lot where Cockrum was shot. However, based on the Plaintiff's own assessment, these additional officers were not acting in a supervisory role. Therefore, it is unlikely that the officers included in the amendment knew or should have known that action would be brought against them. Nor has Plaintiff alleged that the failure to include the additional defendants was due to mistaken identity or even an inability to identify the defendants earlier.

The amendment to Count V claiming additional officers failed to intercede may be denied as futile. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994). However, "officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (2000) (citing *Bruner v. Dunaway*, 684 F.2d 422, 426–27 (6th Cir. 1982) (holding that officers who were not present at the time of the alleged assault could not be held liable in a section 1983 action)).

Plaintiff concedes that Victor Yanez, Jose Bermudez, Xavier Gomez, Rene Luchuga, Bernardo Villela, Oscar Mesta, and David Lopez were present at the Walmart parking lot but did not shoot Cockrum and were not acting in a supervisory role. Nor are any individual actions of these officers detailed in the amendment. But Plaintiff argues that because the officers were in the vicinity and equipped with radios that could communicate with other officers on the scene the additional defendants had a duty to intervene. (Doc. 30-1 at 29.) However, based on the information provided by Plaintiff in both the initial and proposed amended complaint, it is unlikely that these additional officers had a realistic opportunity to intercede on Cockrum's behalf at the point he was shot. Thus, the Court will deny the addition of these defendants to Count V.

**CONCLUSION**

For the reasons outlined above, **IT IS ORDERED**:

1) Plaintiff's Motion for Leave to File a First Amended Complaint is **GRANTED IN PART AND DENIED IN PART.** (Doc. 30.)

2) Within seven days of the date of this Order, Plaintiff may file an amended complaint in accordance with this Order.

    a. Plaintiff may substitute Sheriff Hathaway for Santa Cruz County.

    b. Amendment shall note Plaintiff is not seeking punitive damages.

    c. Amendment may include the gross negligence claim in Count V.

    d. Amendment may include the ADA/RA claims in Count VI.

3) Plaintiff's proposed amendment adding Victor Yanez, Veronica Hernandez, Jose Bermudez, Xavier Gomez, Rene Lechuga, Bernardo Villela, Oscar Mesta, and David Lopez to Count V is **DENIED**.

Dated this 6th day of June, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge